### JAMES T. WHITE & CO. v. MARCKWALD.

(Supreme Court, Appellate Term. January 5, 1911.)

APEAL AND ERROR (§ 1008*)—REVIEW—FINDINGS OF TRIAL COURT—CONCLUSIVENESS.

In an action for the price of a certain encyclopedia, the trial court found that it was represented as a work of greater scope than it really was, and as the books themselves were in evidence before him, but were not before the appellate court, the finding will not be disturbed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3955–3969; Dec. Dig. § 1008.*]

Brady, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by James T. White & Co. against Albert H. Marckwald. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

Wm. Pinckney Hamilton, for appellant.

Hervey & Barber (Lanier McKee, of counsel), for respondent.

GIEGERICH, J. The trial justice found, after examining the books, that they were an encyclopedia of biography and very little else. There was evidence amply sufficient to justify his further con-

---

·clusion that the books were represented to the defendant as a work ·of much wider scope. ˙ I do not think that his determination in favor ·of the defendant ought to be disturbed, especially since the books, ·which were apparently a very material part of the evidence before the trial court, are not before this court.

The judgment should therefore be affirmed, with costs.

GAVEGAN, J., concurs.

BRADY, J. (dissenting). This action was brought to recover on ·a written contract for the purchase of 15 volumes of the "National ·Cyclopedia of American Biography" at $10 per volume, to be paid for as delivered. Fourteen volumes were delivered and rejected. Defendant claims that plaintiff's agent made false representations to ·defendant as to the character and scope of the publication as an inducement to the contract, and sets up fraud. The burden is upon ·defendant, then, to prove fraud. An examination of the testimony fails to convince us that he has done so. Before signing the contract, ·the defendant had fair opportunity to form a judgment as to the general scope of the publication, and the evidence is sufficient to show that he could not have been misled, and much of the matter alleged as misrepresentation on the part of the agent was expressions of ·opinion only, which cannot be made the basis of fraud. Barrie v. Jerome, 112 Ill. App. 329.

The judgment should be reversed, and a new trial ordered, with ·costs to appellant to abide the event.